UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLIER COUNTY, a political
subdivision of the State of Florida

      Plaintiff,

v.                                            Case No: 2:17-cv-14-FtM-38CM

HOLIDAY CVS, L.L.C. and RTG,
LLC,

      Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant RTG, LLC's ("RTG") Motion to Dismiss (Doc. 9) and Defendant Holiday CVS, L.L.C.'s ("CVS") Motion to Dismiss (Doc. 12) filed on January 17, 2017. Plaintiff Collier County ("Plaintiff") filed its Responses in Opposition on January 31, 2017. (Doc. 18; Doc. 19). With the Court's leave, CVS filed a Reply to Plaintiff's Response in Opposition (Doc. 25) on February 13, 2017. Thus, this matter is ripe for the Court's review.

## INTRODUCTION

This case started as an eminent domain action in state court. It commenced in 2013 and resolved one year later with a jury verdict in favor of Defendants. Plaintiff is a

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

political subdivision of Florida. RTG is the property owner of a parcel located at 6800 Collier Blvd., Naples, Florida 34114 ("the Subject Property"). CVS leases the Subject Property from RTG and operates its business there.

This lease was interrupted years later in 2013. At that time, Plaintiff initiated an expansion project requiring it to seek an additional right-of-way. Plaintiff sought to condemn portions of the Subject Property, including eleven parking spaces and a temporary construction easement. This prompted CVS to terminate its lease with RTG and remain as a month-to-month tenant. A year later, Defendants proceeded to a jury trial on their claims for damages. The jury awarded RTG approximately $3.1 million in severance damages and CVS $1,933,000.00 in business damages. Additionally, Plaintiff claims it paid over $1 million in attorney's fees and almost $500,000.00 towards Defendants' expert fees. Plaintiff now brings action to recoup damages it paid in full to Defendants.

## BACKGROUND

Plaintiff initially brought this action in state court. (Doc. 1-5 at 9-18). CVS then removed it to federal court. (Doc. 1). The Amended Complaint alleges counts for Unjust Enrichment and Civil Conspiracy to Commit Extrinsic Fraud on the Court. (Doc. 2). In a Notice of Withdrawal filed with the state court, Plaintiff withdrew its claim for Civil Conspiracy to Commit Extrinsic Fraud on the Court. (Doc. 1-5 at 160). In addition, Plaintiff attached a proposed second amended complaint that lists Unjust Enrichment as its sole claim. (Doc. 27-1). Therefore, Unjust Enrichment is the only claim at issue.

Plaintiff's main argument for recovery hinges on the evidence presented to the jury in its prior state court action. Plaintiff avers the jury was misled when determining

damages because CVS represented that its store would close on the Subject Property, and it did not. (Doc. 2 at ¶¶ 27-28, 32). In response, Defendants move to dismiss Plaintiff's claim on the basis of *res judicata* (collateral estoppel), Florida Rule of Civil Procedure 1.540(b), and failure to state a claim. (Doc. 9 at 11-23; Doc. 12 at 9-16). After an extensive review of this case, the Court need only address dismissal of Plaintiff's claim on the basis of *res judicata*.

## DISCUSSION

**A.     Motion to Dismiss**

"Res judicata bars litigation of claims that were or could have been raised in a prior action." *In re FFS Data, Inc.*, 776 F.3d 1299, 1306 (11th Cir. 2015) (citation omitted). When deciding *res judicata*, federal courts "apply the preclusion law of the state whose courts rendered the first decision." *Agripost, LLC v. Miami-Dade Cnty.*, 525 F. 3d 1049, 1052 n.3 (11th Cir. 2008). Under Florida law, issue preclusion prevents re-litigation where "(1) the parties are identical with those from the prior case, (2) the issues are identical, (3) there was a full and fair opportunity to litigate the issues and they were actually litigated, and (4) those issues were necessary to the prior adjudication." *Id.* at 1055 (citation omitted).

Defendants contend that Plaintiff's claim is barred by *res judicata* because of Plaintiff's prior state court action in which a verdict for damages was entered. (Doc. 9 at 12-14; Doc. 12 at 10-12). Defendants are correct. Here, the parties are the same. And, Plaintiff's claim is tied to the same factual predicate as the prior state court action. Moreover, the parties received a full and fair opportunity to litigate the issue of damages,

evidenced by the jury verdict dated January 10, 2014. *See* (Doc. 2-2; Doc. 2-3). Thus, any issue relating to damages was necessary to the prior state court adjudication.

Interestingly, Plaintiff avers its Unjust Enrichment claim was incapable of being brought at the time of the prior state court action. (Doc. 18 at ¶ 16; Doc. 19 at ¶ 16). Plaintiff contends the jury awarded damages based upon the belief that CVS would close its premises by January 2015. (Doc. 18 at ¶ 16; Doc. 19 at ¶ 16). Therein, lies the crux of Plaintiff's claim— for, any kept damages and profits earned thereafter would be an "unjust windfall." (Doc. 2 at ¶ 43). The Court does not see it that way.

The Amended Complaint indicates Plaintiff "**has paid CVS and RTG the damages awarded in full**." (Doc. 2 at ¶ 30) (emphasis added). Plaintiff had ample time to appeal the state court judgment, but it did not. Plaintiff now brings its claim close to three years later. This is not the typical unjust enrichment claim. Rather, this claim is a collateral attack on a jury verdict. The possibility that CVS could remain open on the Subject Property past the January 2015 date is a consideration that was acknowledged in the prior state court action. There, Plaintiff explicitly stated,

> But I ask you to consider what if they don't move out? Is that reasonable to pay them for a wipe out of a business before . . . I just suggest to you that at least as long as they are profitable, why would anyone leave? . . . I don't know whether they are going to shut down or not. Maybe you can come up with some opinions on that.

(Doc. 9 at 9). While the Court accepts the facts of the Amended Complaint as true, it cannot ignore Plaintiff's own words used at trial.[2] It is clear to the Court that the jury had

---

[2] To support their Motions to Dismiss, Defendants attached transcript excerpts from the prior state court action. (Doc. 9-7; Doc. 12-4). Although not attached to the Complaint, the Court may still consider these transcript excerpts without converting the instant Motions to Dismiss into motions for summary judgment. Under the incorporation by reference doctrine, a court may "consider a document attached to the pleadings or to a

the necessary considerations before it to assess damages. This case ended in 2014. Consequently, the Court finds Plaintiff's claim barred under the doctrine of *res judicata*.

**B.     Motion for Leave to File Second Amended Complaint**

At this juncture, the Court will address Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 27) filed on February 22, 2017. Plaintiff moves to file a second amended complaint to streamline its factual allegations and positions and to remove the jury demand on an equitable claim. (Doc. 27 at 3). Defendants oppose such amendment as futile. (Doc. 28 at 4-5). The Court agrees.

The proposed second amended complaint arises from the same set of operative facts as the Amended Complaint. (Doc. 27-1). Plaintiff alleges nothing substantial that would change the outcome of this case. In light of the Court's above ruling on Defendants' Motions to Dismiss, the Court denies Plaintiff's Motion. *See McNear v. Wells Fargo Bank, N.A.*, 651 F. App'x 928, 932 (11th Cir. 2016) (affirming the district court's decision in declining to grant leave to file a second amended complaint where the first was barred by *res judicata*).

---

motion to dismiss without converting a Rule 12(b)(6) motion into a motion for summary judgment if the document is central to the claim and its authenticity is not challenged." *Hearn v. Int'l Bus. Machines*, No. 8:13–CV–827–T–30EAJ, 2013 WL 5499610, at *3 (M.D.Fla. Oct.1, 2013) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002)). Here, the transcript excerpts are central to this action because Plaintiff's claim turns on whether the jury had the necessary considerations before it. And, the authenticity of the transcript is not challenged. In its Response, Plaintiff acknowledges that the transcript is from the previous trial. (Doc. 18 at ¶ 8; Doc. 19 at ¶ 8); *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Accordingly, the Court appropriately considers the transcript excerpts when deciding the Motions to Dismiss.

5

Accordingly, it is now

**ORDERED:**

(1) Defendant RTG, LLC's Dispositive Motion to Dismiss Amended Complaint (Doc. 9) and Defendant Holiday CVS, L.L.C.'s Motion to Dismiss Amended Complaint (Doc. 12) are **GRANTED**. The above-captioned case is **DISMISSED with prejudice**.

(2) Plaintiff Collier County's Motion for Leave to File Second Amended Complaint (Doc. 27) is **DENIED.**

(3) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of April, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record