UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLIER COUNTY, a political
subdivision of the State of Florida

       Plaintiff,

v.                                                       Case No: 2:17-cv-14-FtM-38CM

HOLIDAY CVS, L.L.C. and RTG,
LLC,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant RTG, LLC's ("RTG") Amended Motion to Award Attorney's Fees (Doc. 11) filed on January 17, 2017. Plaintiff Collier County ("Plaintiff") has not responded, and the time do so has expired. Thus, this Motion is ripe for the Court's review.

RTG moves for attorney's fees pursuant to Section 57.105, Florida Statutes for two reasons. (Doc. 11 at ¶ 3). First, RTG contends that Plaintiff made certain patently false allegations that were neither supported by material facts nor existing law. (Doc. 11 at ¶¶ 4-12). Second, RTG contends the remaining allegations set forth a lack of justiciable issues. (Doc. 11 at ¶ 4). The Court disagrees.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Attorney's fees awarded under § 57.105 are analogous to sanctions imposed under Rule 11. The two have the same goal— to discourage baseless filings. *Barrios v. Regions Bank*, No. 5:13-cv-29-Oc-22PRL, 2013 WL 5230653, at *5 (M.D. Fla. Sept. 16, 2013). The court disfavors an award of attorney's fees where the complaint alleges some justiciable issue. *Vasquez v. Provincial South, Inc.*, 795 So. 2d 216, 218 (Fla. 4th DCA 2001).

The Florida statute provides, in pertinent part:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105.

In this action, Plaintiff premised its unjust enrichment claim on damages awarded in a prior jury verdict. At the dismissal stage, Plaintiff argued that its claim was incapable of being brought at the time of the prior state court action. (Doc. 18 at ¶ 16; Doc. 19 at ¶ 16). The Court found otherwise and effectively dismissed this claim on the basis of *res judicata*. (Doc. 33). But, this finding alone does not warrant an award of attorney's fees. See *Murphy v. WISU Properties, Ltd.*, 895 So. 2d 1088, 1094 (Fla. 3d DCA 2004) ("[t]he court must find the action to be frivolous or so devoid of merit both on the facts and the law as to be completely untenable.").

Here, Plaintiff presented an arguable claim in good faith. *See Cook v. Cook*, 602 So. 2d 644, 646 (Fla. 2d DCA 1992) (reversing the trial court's award of attorney's fees where *res judicata* arguably barred claim); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1227 (11th Cir. 2003) ("good faith focuses on honesty, sincerity, and a lack of recklessness"). The Court has no reason to suspect otherwise. *See id.* (defining recklessness as a "gross deviation from conduct that might be reasonable in the circumstances"). It follows that this action was not so devoid of merit as to make it completely untenable. Thus, attorney's fees are not warranted under Fla. Stat. § 57.105.

Accordingly, it is now

**ORDERED:**

Defendant RTG, LLC's Amended Motion to Award Attorney's Fees (Doc. 11) is **DENIED**. The Court's judgment (Doc. 34) remains in effect. The Clerk of the Court need not amend the judgment.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of April, 2017.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record